UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BAILEY BELK** | • | CIVIL ACTION NO. _____ |
| **VERSUS NO. _____ DIV. "___"** | • | SECTION _____ |
| **ENTERGY LOUISIANA, L.L.C.** | • | JUDGE: _____ |
| | • | MAGISTRATE: _____ |

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT**, through undersigned counsel, comes the Petitioner, BAILEY BELK, a person of the full age of majority, living and residing in the Parish of St. Tammany, State of Louisiana, who respectfully represents:

1.

Made Defendant herein is ENTERGY LOUISIANA, L.L.C., a Texas Limited Liability Company authorized to do business and doing business in this judicial district and the State of Louisiana with its Louisiana principal place of business located in Jefferson, Louisiana 70121.

**JURISDICTION AND VENUE**

2.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1333 and this matter is identified as an admiralty and maritime claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure.

3.

Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) because the events and circumstances giving rise to the claim(s) stated herein occurred in a navigable waterway within the Parish of Tangipahoa, which is within this district and within the jurisdiction of this Court.

4.

On or about May 26, 2020, in the late afternoon, Plaintiff, BAILEY BELK, was a passenger in an 18' homemade aluminum boat, a personal watercraft, owned and operated by Chad Mull, Jr. in a lawful and proper manner in unnamed navigable waters adjacent to the Tangipahoa River.

5.

Plaintiff Belk, Mull, and another passenger, Hunter Morse, were returning from a fishing trip and heading toward Lee's Landing in Ponchatoula, Louisiana, when they struck a partially submerged, unlit and completely obscured steel plate/ I-beam owned and placed there by ENTERGY LOUISIANA, L.L.C.

6.

Upon impact Plaintiff was ejected from the watercraft and caused to suffer severe injuries, including, but not limited to, intracranial injury, deep vascular laceration of the nape of his neck, acute posthemorrhagic anemia and various fractures. Plaintiff underwent surgery to repair damage and continues to suffer pain, numbness, physical disability and is in need of continuing medical care as well as further surgical intervention.

7.

Upon information and belief, the steel plate/ I-beam was affixed to, or part and parcel of, a power pole placed at that location (30.40163056, -90.32488889). Upon information and belief, the

steel plate/ I-beam was erected or placed by ENTERGY LOUISIANA, L.L.C. in connection with a servitude granted by the Louisiana Department of Wildlife & Fisheries and/or Coastal Use Permit No. P20140791 issued by the Louisiana Department of Natural Resources. Upon information and belief, the power pole to which the steel plate/ I-beam (hereafter "obstruction") is affixed is also possibly referred to as STR 69 in permit documents filed by the Defendant.

8.

Upon information and belief, the complained obstruction was unlit, unmarked, partially submerged and completely obscured by vegetation. The obstruction was owned and placed by ENTERGY LOUISIANA, L.L.C. who was legally responsible for lighting and marking its location, ensuring that it was not overtaken by vegetation and/or ensuring it did not otherwise present a hazard to navigation.

9.

The unlit, unmarked, partially submerged and completely obscured steel plate/ I-beam acted as an obstruction on navigable waters, as it prohibited vessels, such as the personal watercraft occupied by Plaintiff, from navigating in a safe manner.

**COUNT ONE - MARITIME NEGLIGENCE**

10.

Plaintiff re-avers and re-alleges all allegations of law and fact previous pled as if re-pled in their entirety.

11.

ENTERGY LOUISIANA, L.L.C. in performing its operations erecting and maintaining its structures upon navigable waters adjacent to the Tangipahoa River owes others, including Plaintiff,

a reasonable degree of care.

12.

ENTERGY LOUISIANA, L.L.C. had a duty not to create hazards in navigable waters adjacent to the Tangipahoa River and/or obstruct navigation of the navigable waters adjacent to the Tangipahoa River while conducting operations.

13.

ENTERGY LOUISIANA, L.L.C. breached the duty described in ¶ 12 above as it was not commercially justified in placing and failing to maintain an unlit, unmarked steel plate/ I-beam in the navigable waters adjacent to the Tangipahoa River, thereby creating an obscured obstruction and hazard.

14.

Failing to have a light or markings on a partially submerged and visually obscured object increases the risk that a passing vessel will hit the object and falls within the duty set out in ¶ 12 above, where the circumstances of Plaintiff's injury was easily foreseen, anticipated, and there was an ease of association between the risk of injury and the legal duty ENTERGY LOUISIANA, L.L.C. breached.

15.

The allision had a maritime nexus in that (1) the allision of a vessel in the course of navigation with a stationary platform, an acknowledged obstruction to navigation, does have the potential to disrupt maritime commerce and navigation in general; and (2) the general activity, i.e., the navigation of a vessel on navigable waters and the lighting [or marking] of an obstruction to navigation, bear a substantial relationship to a traditional maritime activity, i.e., navigation.

## COUNT TWO - PENNSYLVANIA RULE

16.

Plaintiff re-avers and re-alleges all allegations of law and fact previous pled as if re-pled in their entirety.

17.

ENTERGY LOUISIANA, L.L.C. failed to comply with multiple applicable industry standards, state and federal statutes, and/or regulations designed to prevent allisions including but not limited to 33 C.F.R. § 66 and § 67.01, *et seq.*

18.

ENTERGY LOUISIANA L.L.C..'s failure to comply with industry standards, state and federal statutes and/or regulations which are designed to prevent allisions invokes the "Pennsylvania Rule" which creates the presumption of causation and shifts the burden of proof to ENTERGY LOUISIANA, L.L.C. to show that it could not have been at fault.

## COUNT THREE - NEGLIGENCE PER SE

19.

Plaintiff re-avers and re-alleges all allegations of law and fact previously pled as if re-pled in their entirety.

20.

ENTERGY LOUISIANA, L.L.C. violated numerous industry standards, state and federal statutes, and/or regulations including but not limited to 33 C.F.R. § 66 and § 67.01, *et seq.*

21.

ENTERGY LOUISIANA, L.L.C. is negligent *per se* based on these statutory and regulatory violations.

22.

ENTERGY LOUISIANA, L.L.C.'s violations of numerous industry standards, state and federal statutes, and/or regulations directly and proximately caused Plaintiff's injuries and damages described herein.

## **DAMAGES**

23.

That as a result of the above described incident, your Plaintiff sustained severe, debilitating and potentially mortal injuries to the mind and body, for which he was forced to seek immediate, emergency medical treatment.

24.

That as a direct and proximate result of the negligence and/or fault of ENTERGY LOUISIANA, L.L.C., your Plaintiff seeks damages for the following:

a) Past, present and future medical expenses;

b) Past, present and future physical pain and suffering and loss of function;

c) Past, present and future mental anguish and emotional distress;

d) Lost wages and diminished earning capacity;

e) Loss of enjoyment of life;

f) Special care and services and;

g) Other such damages as will be shown through discovery and/or at trial of this matter.

25.

WHEREFORE, Plaintiff, BAILEY BELK, prays for a judgment against Defendant, ENTERGY LOUISIANA, L.L.C. and in his favor in an amount reasonable under the circumstances of this cause, plus all costs and interest as allowed by applicable law, and for any additional general or equitable relief to which this Plaintiff may be entitled herein.

RESPECTFULLY SUBMITTED:

**LAW OFFICES OF BRENT J. RHODES**
*A Professional Limited Liability Company*

*/s/ Brent J. Rhodes*

_____
BRENT J. RHODES (Bar No. 27050)
620 School Street, Houma, Louisiana 70360
Phone: (985)580- 9777
Fax:    (985)868-9429
Email: attorney@brentrhodes.com
ATTORNEY FOR BAILEY BELK