UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BAILEY BELK                                                                           CIVIL ACTION

VERSUS                                                                                    NO. 22-1443

ENTERGY LOUISIANA, LLC                                                    SECTION A(1)

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 6)** filed by Defendant Entergy Louisiana LLC ("Entergy").  Plaintiff opposes the motion. The motion, submitted for consideration on August 17, 2022, is before the Court on the briefs without oral argument.

The Plaintiff filed this action to recover for alleged injuries sustained from a boating accident near the Tangipahoa River in Ponchatoula, Louisiana.  The boat, a homemade flat-bottomed vessel with a 40-hp surface driven engine, crashed into a partially submerged steel I-beam that was owned and operated by Entergy.  Entergy's I-beam was located underneath a strip of power lines on a flooded tract of land adjacent to the Tangipahoa River.  The vessel struck the I-beam at a high rate of speed (approximately 30-40 miles per hour), ejecting Plaintiff and allegedly causing his injuries.  The Plaintiff alleges that the Defendant was negligent in placing the I-Beam in the middle of a navigable waterway.  The Plaintiff and two other passengers on the vessel were fishing in the Tangipahoa River when they decided to explore the area underneath the power lines operated by Entergy.  The Plaintiff alleges that Entergy failed to produce any signage warning of the partially submerged I-beam, and there was nothing blocking the crash site from the river itself.  The crash site was described by many witnesses as having an approximate depth of two feet with exposed grass blades topping the water line.  The crash site, when flooded and explorable for ingress and egress by water vessel, was described by witnesses as merely a hundred yards from the mouth of the Tangipahoa River.

Entergy moved to dismiss the lawsuit on the grounds that the Court lacks subject matter jurisdiction, the claim has prescribed according to Louisiana Law before the Defendant was properly served, and that the Plaintiff failed to state a claim for which relief could be granted because Entergy is immune under the Recreational Use Immunity Statute. Plaintiffs filed their reply in opposition on September 28, 2022, arguing that the crash site was a navigable waterway, therefore this Court has jurisdiction. At the heart of two of the three grounds for dismissal is the classification of the water in which the collision occurred.

## GROUND I: Subject Matter Jurisdiction

The Defendant moved for dismissal on the grounds that this Court does not have subject matter jurisdiction to hear the claims the Plaintiff has alleged in this accident. The Defendant argues the location where the boating accident occurred was not a navigable body of water according to the rules of admiralty law, therefore 28 U.S.C. § 1333 does not apply and this claim should be dismissed. The Court finds that this argument of the Defendant's motion takes priority over the remaining two arguments because the lack of subject matter jurisdiction would be dispositive of the entire lawsuit.

Federal Courts are Courts of limited jurisdiction. *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). Unless conferred by statute, Federal Courts lack the jurisdiction necessary to adjudicate claims. *Id.* A motion to dismiss for lack of subject matter jurisdiction is analyzed under a standard that seeks to determine whether a complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Fed. R. Civ. P. 12(b)(1). *Signal Mut. Indem. Ass'n, Ltd. v. Asbestos Corp., Ltd.*, 373 F. Supp. 3d 679 (M.D. La. 2017). There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Roby v. State Farm Fire & Cas. Co.,* 464 F.Supp.2d 572, 575 (E.D.La.2006). It is the plaintiff's burden to establish that subject matter jurisdiction exists. *See Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir.1981). For this Court to have subject matter jurisdiction, it must find that admiralty law applies.

### A) *Navigable Waters*

To establish admiralty jurisdiction and the proper subject matter jurisdiction in this Court, the Court

is tasked with making a factual and legal determination of classifying the crash site. For a body of water to be deemed navigable, the Plaintiff must prove (a) the type of incident involved has the potential to disrupt maritime commerce and (b) the general activity involved bears a substantial relationship to a traditional maritime activity. *Sisson v. Ruby,* 497 U.S. 358, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990). There is no requirement that a body of water sustain actual commerce in order to meet the test of navigability. *United States v. Diamond*, 5 Cir. 1975, 512 F.2d 157, 160, cert. den. 1975, 423 U.S. 928, 96 S.Ct. 275, 46 L.Ed.2d 255. *Weiszmann v. Dist. Eng'r, U. S. Army Corps of Engineers*, 526 F.2d 1302, 1305 (5th Cir. 1976). Generally, this Court has been reluctant to describe inland marshes as navigable waters. *Strother v. Bren Lynn Corp.*, 671 F. Supp. 1118, 1119 (W.D. La. June 16, 1987); *see also Duplantis v. Petroleum Helicopters, Inc.*, 1993 U.S. Dist. LEXIS 12855, at *4 (E.D. La. Sept. 10, 1993) (inland marsh ranging three to five feet in depth, but containing vegetation that would make navigation "difficult" was not navigable); *Dardar v. LaFourche Realty Co.*, 55 F.3d 1082, 1085 (5th Cir. 1995) (refusing to ascribe navigable water status to several shallow bayous clogged with vegetation and terminating in marsh); *In re Destiny Drilling (USA), Inc.*, 1999 U.S. App. LEXIS 40609, (5th Cir. 1999) (shallow and vegetation-choked marsh in St. Mary Parish was held to be non-navigable) *Frickey v. Shell Pipeline Co., L.P.*, 2016 U.S. Dist. LEXIS 156919 (E.D. La. Nov. 14, 2016) (shallow drainage canal strewn with rocks and debris was not a navigable waterway). However, this does not explicitly exclude marshes or otherwise low-laying bodies of water from becoming navigable. According to Louisiana law, a body of water does not have to be navigable perpetually to be navigable in a particular case. *Dunaway v. Louisiana Wildlife & Fisheries Comm'n*, 2008-1494 (La. App. 1 Cir. 2/13/09), 6 So. 3d 228. Further, for purposes of determining if a waterway is navigable, the distinction between natural and man-made bodies of water is immaterial. *Sanders v. Placid Oil Co.,* 861 F.2d 1374, 1377 (5th Cir.1988).

### B) The Location of the Crash Site

According to the Plaintiff's Complaint and the Louisiana Department of Wildlife and Fisheries ("LDWF") Boating Incident Report, the Plaintiff's boat struck a steel I-beam adjacent to an Entergy power pole referred to as "STR-69". (**Rec. Doc. 1 & Rec. Doc. 6-1**). The power pole and I-beam were located on

an area of land just adjacent to the Tangipahoa River. The tract of land is incapable of private ownership and was under the care and custody of Entergy through a predial servitude granted to Entergy by the state of Louisiana. This servitude canal was described by the LDWF Report as having thick vegetation and a depth of nearly two feet of water, however the center of the canal has a clear path that is devoid of all vegetation. The Tangipahoa River serves as the only means of ingress and egress for the canal, and the canal can be traversed at a high rate of speed coming directly from the river. (**Rec. Doc. 12-1**). Further, the area of the canal was not landlocked. *Id*. The Plaintiff decided to traverse the canal after fishing on the Tangipahoa River for a couple of hours. After making his way past the power lines, he turned back to return to the Tangipahoa River when the Plaintiff's boat made contact with the submerged I-beam.

### *C) Conclusion*

The Court finds that the area of the crash site was a functional tributary of the Tangipahoa River. The canal had no signage indicating or describing the use of the property and if there were any known or unknown hazards. This is relevant to the Court's analysis because the entrance to the canal seems to have connected to the heart of the Tangipahoa River to the point where the Plaintiff and his associates could traverse the canal without any special maneuvering or with little notice to the dangers that laid therein. Further, the existence of the path down the center of the canal leads the Court to believe that the type of incident involved has the potential to disrupt maritime commerce insofar as the path through the vegetation invites fishermen angling on the Tangipahoa River, like the Plaintiff, to try their chances where there is less vessel traffic. Fishing on a tributary of a major river is a general activity that bears a substantial relationship to a traditional maritime activity of recreational fishing. For these reasons, the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is denied and that this Court has Admiralty Jurisdiction.

### GROUND II: Failure to State a Claim for Which Relief Can be Granted

The Defendant also moved to dismiss this action alleging that the Plaintiff does not state a claim for which relief can be granted. In the motion, the Defendant argues that it is immune pursuant to the Recreational Use Immunity statute La. R.S. § 9:2791. The statute was enacted

to induce private owners of large acreages to open expanses of undeveloped lands for public outdoor, open land recreational purposes. For the Immunity Statute to apply, a party must prove:

> (1) the property must be an undeveloped, nonresidential rural or semi-rural land area; (2) the injury must be the result of recreational activity pursued in the "true outdoors"; and (3) the injury-causing instrumentality must be the type normally encountered in the "true outdoors," "not of the type usually found in someone's backyard. *Verdin v. Louisiana Land & Exploration Co.*, 63-1815 (La. App. 4 Cir. 03/12/97), 693 So.2d 162, 165.

However, an injury which occurs on a navigable waterway is not subject to a defense under recreational use statutes. *Naquin v. Louisiana Power & Light Co.,* 1998-2270 (La.App. 1 Cir. 3/31/00), 768 So.2d 605, *rehearing denied, writ denied* 769 So.2d 546, 2000-1741 (La. 9/15/00), *on subsequent appeal* 857 So.2d 36, 2003-0220 (La.App. 1 Cir. 11/7/03), *on subsequent appeal* 943 So.2d 1156, 2005-2103 (La.App. 1 Cir. 9/15/06), *writ denied* 945 So.2d 691, 2006-2476 (La. 12/15/06).

FRCP 12(b)(6) provides the basis for a court to dismiss a complaint when a plaintiff has failed to state a claim for which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient facts, accepted as true, to 'state a claim to relief that is plausible on its face. *Iqbal v. Ashcroft*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual basis contained in the complaint must allege actual facts, not mere legal conclusions portrayed as facts. *Id*. at 667 Additionally, the factual allegations of a complaint must state a plausible claim for relief. *Id*. A complaint states a "plausible claim for relief" when the factual allegations contained therein, taken as true, necessarily demonstrate actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id*.; *see also Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir.1986). The Court must not look beyond the four corners of the pleadings to determine whether any relief should be granted. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

In the present case, the Court finds that on the face of the pleadings the Plaintiff stated a plausible claim for relief, when taken as true within the four corners of the pleadings, can be

granted.  The Court finds that the Louisiana Recreational Use Immunity statute does not apply under this set of facts, since the canal in question was developed by Entergy and the submerged I-beam was not an instrument that one normally finds in the "true outdoors".  As such, the Defendant's motion on the grounds that the Plaintiff failed to state a claim for which relief can be granted is denied.

### GROUND III: Insufficient Service of Process

The Defendant further moved to dismiss this action because of insufficient service of process.  In the motion, the Defendant argued that although it had waived service of process that waiver had not been filed until June 3, 2022, which was after a one-year prescriptive period that expired on May 26, 2022.  The Defendant relies on the one-year prescriptive period under Louisiana law for Delictual Obligations and cites that even though the Defendant agreed to waive service, it now moves to dismiss the lawsuit for lack of proper service.  The Court finds this argument to have no merit.  The Defendant's motion on the grounds of insufficient service of process is denied.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 6)** is **DENIED**.

November 17, 2022

_____
JUDGE JAY C. ZAINEY

UNITED STATES DISTRICT JUDGE